UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAIME LUEVANO,

                                                            Plaintiff,

                    -v.-
                                                                        5:10-CV-754
HILLARY RODHAM CLINTON, *et al.,*                (GTS/ATB)

                                                            Defendants.

_____

APPEARANCES:

JAIME LUEVANO
Plaintiff *pro se*
#9340134
El Paso County Detention Facility Annex
El Paso, Texas 79938

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the Court for review a complaint, together with an

application to proceed *in forma pauperis* filed by plaintiff, Jaime Luevano ("Plaintiff

or "Luevano"). (Dkt. Nos. 1, 2).

## I.    *In Forma Pauperis* (IFP) Application

A review of Plaintiff's IFP application shows that he declares he is unable to

pay the filing fee. (Dkt. No. 2).  The form indicates that Plaintiff does not have *any*

income at all. *Id.*  Thus, for purposes of this Order, the Court finds that Plaintiff meets

the economic criteria for proceeding without the payment of fees.

In addition to determining whether Plaintiff meets the financial criteria to

proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether

the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of

court process as well as to discourage the waste of judicial resources. *Neitzke*, 490

U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the

court has a duty to show liberality toward *pro se* litigants, and must use extreme

caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party

has been served and has had an opportunity to respond, the court still has a

responsibility to determine that a claim is not frivolous before permitting a plaintiff to

proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d

Cir. 2000)(finding that a district court may dismiss a frivolous complaint *sua sponte*

even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its

face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell

Atl. Corp.*, 550 U.S. at 555). The Court will now turn to a consideration of the

plaintiff's complaint under the above standards.

II.    **Complaint**

In this almost incomprehensible complaint, plaintiff names Secretary of State Hillary Rodham Clinton; S. Reyes, a U.S. Congressman, and "E.S.," purportedly a United States Senator. (Compl.) (Dkt. No. 1).  Although plaintiff has filed this action on a form for complaints under 42 U.S.C. § 1983, and states that he demands a jury trial, the next line of the document is handwritten and states that this is a "Writ of Mandamus [sic] Compel to Reopen - n - Review." *Id.*  In his statement of facts, plaintiff claims that during Secretary (then-Senator) Clinton's campaign, she apparently went to El Paso, Texas. (Compl. at 4).  Plaintiff claims that, during that time, a commercial for Secretary Clinton aired on television, and that this commercial somehow "inflame[ed] a set-up jury panel." *Id.*

On the last page of the complaint, under plaintiff's signature, he includes some additional facts, stating that an innocent man could be killed, and that his life is in danger. (Compl. at 6).  He mentions that police falsely testified that certain reports were made at nine or ten o'clock in the morning, when they were really made at three o'clock in the morning,[1] but the "Insane Judge" denied all the evidence, "even the videotapes." *Id.*  Plaintiff claims that the "Jurors" conspired with the District Clerk and attorneys. *Id.*  Plaintiff lists three "Causes of Action." (Compl. at 5).  The first merely states "F.B.I. etc. al. [sic]," the second states "U.S. Senators, etc. al. [sic]," and the third cause of action states "U.S. Congress, Rep. etc. al.[sic]." *Id.*

---

[1] This apparently has some connection to Secretary Clinton's television commercial.

His "Prayer for Relief" states that he is making an "Innocence claim in general." (Compl. at 6).  Plaintiff asks this court to appoint the "Innocence Project of New York;" Prof. Barry C. Scheck, and Peter Neufeld, Esq.  He asks for "Emergency Hearings - Discovery - Summons - U.S. Marshal Service." *Id.*  He cites the "Innocence Protection Act." *Id.*  Reading the entire document leads this court to find that plaintiff is somehow attempting to challenge a conviction, rather than bring a civil rights complaint.  However, regardless of the basis of this document, and the claims therein, it must be dismissed for many reasons.

## III.   Venue

Venue in federal-question cases is generally determined by 28 U.S.C. § 1391(b) which provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

When the defendants are officers or employees of the United States, acting in their official capacities, section 1391(e) provides that venue is proper

> in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

In this case, plaintiff is in prison in Texas, and plaintiff has listed all the

4

defendants as residents of Washington, D.C.  Plaintiff states that the Congressman and Senator are from Texas.  Regardless of the statute used for venue in this action, and regardless of the residence of any individual listed on the complaint, neither plaintiff, nor any of the defendants reside in the Northern District of New York, and the Northern District of New York has no other connection to plaintiff's case.  Thus, venue in the Northern District of New York is clearly improper.

Under 28 U.S.C. § 1406, a district court faced with a case brought "laying venue in the wrong division or district, shall dismiss" or, in the interests of justice, shall transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a).  The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in *extraordinary circumstances*." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992)(emphasis added).  This court finds, however, that this plaintiff's case presents precisely those extraordinary circumstances that were present in *Stich*.

In *Stich*, plaintiff brought his action in the Southern District of New York, including among other defendants, the Justices of the Supreme Court; a former United States Attorney General; and bankruptcy judges in the Ninth Circuit, where he had been classified as a vexatious litigant and had been barred from bringing suits without leave of court. *Id.* at 88.  The Second Circuit in *Stich* quoted the District Court's finding that "neither the activities nor the parties alleged in this complaint have any relation to this district" because the plaintiff was domiciled in Nevada and resided in California, while all the defendants were residents of the District of Columbia. *Id.* at

89.  Based on these facts, the Second Circuit determined that the "case presented appropriate circumstances for the court's exercise of its power to dismiss" *sua sponte*, based on improper venue." *Id.* As discussed below, plaintiff's complaint in this action is completely frivolous and may have been filed in this district to avoid dismissal in Texas.  Therefore, the court should dismiss, rather than transfer the action.

## IV.   **Three Strikes**

Congress passed the Prison Litigation Reform Act ("PLRA") "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997) (citing *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996)). Section 1915(g) provides that

> [i]n **no** event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(emphasis added).  This section of the PLRA has been referred to as the "three strikes" provision. *Welch v. Galie,* 207 F.3d 130, 132 (2d Cir. 2000)

The Second Circuit has held that the three strikes provision applies to cases that were dismissed for failure to state a claim or for frivolousness even prior to the enactment of section 1915(g). *Id.*  This interpretation of section 1915(g) is valid because the provision does not **prevent** an individual from bringing an action, it merely affects the inmate's ability to file the action **in forma pauperis**. *Id.* (citations

omitted).  A case may be conditionally dismissed under section 1915(g) even if the court originally granted plaintiff IFP status. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (dismissing under section 1915(g) and finding that IFP status was "improvidently granted").

If plaintiff has three strikes, section 1915(g) prevents plaintiff from filing a subsequent IFP action unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).  The "imminent danger" exception to section 1915(g) has been interpreted to apply only if the plaintiff is imminent danger of serious physical injury "at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002).  In addition, the Second Circuit has held that there must be a nexus between the "imminent danger" and the legal claims asserted in the complaint. *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).

A review of this plaintiff's litigation history, listed in the U.S. Party/Case Index,[2] shows that he has filed at least forty-six cases in courts all over the country, often raising many of the same claims regarding his alleged conviction.  He has filed at least ten appeals in various circuits.  Plaintiff has a multitude of strikes, and several of his cases have been conditionally dismissed based on the three-strikes rule, and subsequently subject to final dismissal after plaintiff failed to pay the filing fee. *See e.g. Luevano v. Bush*, No. 08-5038 (D.C. Cir. March 24, 2010) (denying plaintiff's petition for rehearing after three-strikes dismissal and failure to pay fee); *Luevano v. Trent*, No. 08-8274 (4th Cir. Feb. 26, 2009) (denying appeal of a three-strikes

---

[2] https://pacer.uspci.uscourts.gov

dismissal); *Luevano v. United States District Court*, No. 3:10-CV-335 (N.D. Tex. March 24, 2010) (adopting Magistrate Judge's recommendation that plaintiff's case be dismissed pursuant to section 1915(g)); *Luevano v. Criminal Court of Appeals of El Paso*, No. A-09-CA-942-LY (W.D. Tex. Jan. 5, 2010) (dismissing pursuant to section 1915(g) and citing *Luevano v. United States President of America*, No. 08-CV-53 (D.D.C. Jan. 2, 2008) (dismissed for failure to state a claim); *Luevano v. Board of Disciplinary Appeals*, No. 5:08-CV-107 (W.D. Tex. March 20, 2008) (frivolous); *Luevano v. Doe*, No. 1:07-CV-1025 (W.D. Tex. Jan. 18, 2008) (frivolous); *Luevano v. Perry*, No. 1:07-CV-1026 (W.D. Tex. Jan. 18, 2008) (frivolous); *Luevano v. Clinton*, No. 2:08-CV-1360 (E.D.N.Y. April 4, 2008) (frivolous); *Luevano v. Richardson*, No. 1:08-CV-781 (D.N.M. Oct. 31, 2008) (failure to state a claim); *Luevano v. Boykin*, No. 5:08-CV-1844 (N.D. Ohio Oct. 31, 2008) (failure to state a claim)). *See also Luevano v. Sanchez*, No. EP 09-CV-441, 2010 U.S. Dist. LEXIS 48026, *4 & n.4 (W.D. Tex. Jan. 4, 2010) (citing many strikes and overruling objections to Magistrate Judge's Report-Recommendation and dismissing plaintiff's case for three-strikes); *Luevano v. Northern Circuit of Illinois*, No. 09-CV-128 (S.D. Ill. July 15, 2009) (conditional dismissal for three strikes) (citation of strikes omitted).

One of the most recent cases filed by this plaintiff in the District of Nevada makes many of the same allegations about his trial, including mentioning Hillary Rodham Clinton's 3:00 a.m. commercial. *Luevano v. El Paso Texas Corruptions*, No. 2:10-CV-784 (D.Nev.).  Plaintiff filed his Nevada case on May 26, 2010.  The District Court in Nevada has not yet addressed the complaint.  Thus, although plaintiff

sprinkles the words "imminent danger" throughout his complaints, there is absolutely no showing that plaintiff is in "imminent danger" of serious physical injury, and since this complaint ultimately deals with a challenge to his conviction in Texas, there is no nexus between the legal claims asserted in his complaint.

Because plaintiff has many strikes, his motion to proceed IFP would have to be denied, and plaintiff would be instructed to pay the $350.00 filing fee or risk dismissal of the action.  However, a review of the merits shows that the court need not give plaintiff this option because the action is clearly frivolous and would be dismissed outright even if plaintiff paid the filing fee.

## V.   **Merits**

Even a liberal reading of plaintiff's complaint cannot salvage the frivolous nature of his assertions.  First, as stated above, although plaintiff has filed his complaint on a form for civil rights actions under section 1983, none of the defendants act "under color of state law."  To the extent that plaintiff is filing what he refers to as a "Writ of Mandamus" to "reopen" or "review," the court assumes that he is asking the court to order these defendants to reopen and review plaintiff's criminal conviction.  A federal court is authorized to issue a writ in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff. 28 U.S.C. § 1361.

None of the defendants listed owe any duty to plaintiff regarding his Texas criminal conviction, regardless of which conviction he may be challenging.  On April 15, 2010, United States District Judge Kathleen Cardone denied Luevano's petition

for a writ of habeas corpus, brought under 28 U.S.C. § 2254, in which he challenged two convictions in 2010 for burglary of a habitation. *Luevano v. Abbott*, No. EP-10-CV-128, 2010 WL 1544605 (W.D. Tex. April 15, 2010).  The court denied Luevano's petition for failure to exhaust his administrative remedies. *Id.*  Plaintiff in this case has not indicated what convictions he wishes the defendants to reopen.[3]  Plaintiff cites a civil action number in the caption of his complaint that appears to be the number of one of his previous cases. (Compl. at 1) (citing "08-CV-1360").  The case matching the civil action number cited by plaintiff is the Eastern District of New York action against Hillary Rodham Clinton that was dismissed as frivolous as stated above.  It is impossible to discern from his complaint what plaintiff is challenging and what he actually would like the court to do, other than assign various attorneys to his case.

Based on a review of this complaint and of many other similar actions brought by plaintiff throughout the country, this court must recommend dismissing this action as frivolous, rather than transferring it to a district where it might have been brought. Dismissal of an action is proper when allegations are the "product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Additionally, because there is no possible way that plaintiff could state a valid claim against the defendants he has named, relating to his conviction, this court will recommend that no leave to amend be allowed and that the District Court certify that an appeal would not be taken in good faith.

---

[3] The court notes that plaintiff has been bringing civil rights actions from prison since 2003, thus, it is possible that there are other convictions for which he has been incarcerated.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for IFP (Dkt. No. 2) is **DENIED**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and it is

**RECOMMENDED**, that if the District Court approves this recommendation, the court certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 1, 2010

**Hon. Andrew T. Baxter**
**U.S. Magistrate Judge**

11