UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMIE LUEVANO,

                         Plaintiff,

v.                                                  5:10-CV-0754 (GTS/ATB)

HILLARY RODHAM CLINTON,
Secretary of State; S. REYES,
United States Congressman; and
E.S, United States Senator, El Paso, TX,

                         Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

JAMIE LUEVANO, #9340134
  Plaintiff, *Pro Se*
El Paso County Detention Facility Annex
12501 Montana Avenue
El Paso, Texas 79938

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Jaime Luevano ("Plaintiff") is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that (1) Plaintiff's Complaint be dismissed in its entirety with prejudice, and (2) the Court certify that any appeal from this matter would not be taken in good faith pursuant 28 U.S.C. § 1915(a)(3). (Dkt. No. 4.) For the reasons that follow, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Complaint is dismissed in its entirety with prejudice; and the Court certifies that any appeal from this matter would not be taken in good faith.

I.  **RELEVANT BACKGROUND**

    A.  **Plaintiff's Complaint**

Plaintiff filed his Complaint on June 28, 2010. (Dkt. No. 1.) In an almost incomprehensible recitation of allegations, Plaintiff appears to allege that his civil rights were violated during his criminal trial because the jury panel was "set-up." (Dkt. No. 1, at 4.) As relief for these alleged civil rights violations, Plaintiff seeks, *inter alia*, a "writ of mandamus" to "reopen and review" his criminal conviction. (Dkt. No. 1, at 1.) For a more detailed recitation of the allegations and claims set forth in Plaintiff's Complaint, the Court refers the reader to the Complaint, as well as Magistrate Judge Baxter's Report-Recommendation, in their entirety. (Dkt. Nos. 1, 4.)

    B.  **Magistrate Judge Baxter's Report-Recommendation**

On July 1, 2010, Magistrate Judge Baxter issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed for the following reasons: (1) the Northern District of New York is not a proper venue for this action because neither Plaintiff nor any of the named Defendants reside within this District; and (2) the Complaint is frivolous. (*See generally* Dkt. No. 4.) For the sake of brevity, the Court will not recite Magistrate Judge Baxter's particular findings of fact and conclusions of law in this Decision and Order, which is intended primarily for the review of the parties. The Court will note only that, as discussed in Magistrate Judge Baxter's Report-Recommendation, Plaintiff has filed at least *forty-six* complaints in various courts all over the country alleging various violations surrounding his trial, all of which were deemed frivolous. (Dkt. No. 4, at 6-9.)

    **C.**    **Plaintiff's Objections to the Report-Recommendation**

On July 19, 2010, Plaintiff filed his Objections to the Report-Recommendation. (Dkt. No. 5.) In his Objections, Plaintiff argues as follows: (1) Magistrate Judge Baxter should be disqualified for reasons of "slander and discrimination"; (2) venue is proper because the "interstate violations were made when Defendant Hillary Clinton was a United States Senator in New York State; and (3) the three strikes method is unconstitutional. (Dkt. No. 5, at 1-2.) Of these three arguments, only the first one warrants further elaboration in this Decision and Order. In that argument, Plaintiff reasons that Magistrate Judge Baxter's statement in his Report-Recommendation that Plaintiff's claims should be dismissed for being the "product of delusion and fantasy" constitutes "slander and discrimination."

**II.**    **APPLICABLE LEGAL STANDARDS**

    **A.**    **Standard of Review Governing a Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.    Standard of Review Governing Dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii)**

Magistrate Judge Baxter accurately recited the legal standard governing the dismissal of a complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(ii). (Dkt. No. 4, at 1-3, 6-10.) As a result, this standard is incorporated by reference in this Decision and Order.

**III.    ANALYSIS**

As an initial matter, the Court finds that Plaintiff has failed to make specific objections to Magistrate Judge Baxter's Report-Recommendation. As a result, the Court reviews the recommendation for clear error.

After carefully reviewing all of the papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, and Plaintiff's Objections thereto, the Court can find no error in the Report-Recommendation, clear or otherwise. As a result, the Report-Recommendation is

---

    [2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed in its entirety with prejudice.

The Court would add only three points. First, Magistrate Judge Baxter's recommendations would survive even a *de novo* review. Second, Magistrate Judge Baxter's statement that "[d]ismissal of an action is proper when allegations are the "product of delusion or fantasy[]" is simply a recitation of the law as set forth in *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (noting that dismissal of an action is proper when allegations are the "product of delusion or fantasy"). Third, given the frivolous nature of the Complaint, as well as the fact that Plaintiff has filed at least forty-six actions in various district courts throughout the country (often raising many of the same claims set forth in his Complaint), any appeal from this matter would not be taken in good faith.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety **with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court certifies that any appeal from this matter would not be taken in good faith.

Dated: August 20, 2010
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge